### MRS. VAN OSTERN v. MR. & MRS. SIMMONS.

A direct action is indispensable in order to defeat a fraudulent contract; and only in cases of fictitious contracts, or pure simulations can the creditor cause the property to be seized and sold in utter disregard of the deed of transfer.

APPEAL from the 5th District Court of New Orleans, *Eggleston,* J.

*M. M. Reynolds* and *J. C. Coleman,* for plaintiffs. *V. F. & J. B. Cotton* and *Michel & Koontz,* for defendants and appellants.

VOORHIES, J. The plaintiff enjoined the seizure of two slaves, to which she claims title by virtue of a donation *inter vivos* from her mother, *Mrs. Douglas.* The latter is the seized debtor, and the seizing creditors are *Mrs. Simmons* and her husband.

Pending the proceedings, which resulted in a judgment in favor of *Mrs. Simmons* against *Mrs. Douglas,* the act of donation was passed; and, from an inspection of the record, we conclude that the donation was not a fictitious transfer. The plaintiff has had the control over the slaves donated ever since, and there is nothing to indicate that her possession is intended merely to give her an appearance of title. In other words, this is a real contract.

Upon the subject of the revocatory action, the Code, Art. 1975, says: "If the contract be purely gratuitous, it shall be presumed to have been made in fraud of creditors, if, at the time of making, the debtor had not over and above the amount of his debts, more than twice the amount of the property passed by such gratuitous contract." Had the creditor, in the case at bar, brought a direct action to set aside and avoid the donation, on account of its injurious effects on his rights, it would have been incumbent upon him to prove those facts, which, under the provisions of the Code, create the presumption of fraud. But it is well established that a direct action is indispensable in order to defeat a fraudulent contract; and that, only in cases of fictitious contracts or pure simulation, can the creditor cause the property to be seized and sold in utter disregard of the deed of transfer.

The judgment of the District Court must, however, be amended as regards the damages awarded. It is not, in that respect, sustained by proof of actual damages. Nor can we grant the relief which the plaintiff's counsel asks for his client, on the allegation that the seizure was vexatious and malicious. This is not borne out sufficiently by the record. *Neveu* v. *Voorhies, Sheriff, et als.*, 14 An. 738.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended, by striking out the allowance for damages, and that the same be, in other respects, affirmed, the plaintiff paying the costs of appeal.

LAND, J., absent.